UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RAYMOND LEE, | ) | |
| Plaintiff, | ) | Case No. 2:11-cv-01843-JCM-CWH |
| vs. | ) | **REPORT AND RECOMMENDATIONS AND ORDER** |
| SOCIAL SECURITY ADMINISTRATION, | ) | Application to Proceed *In Forma Pauperis* (#1) and Screening of Complaint |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (#1), filed on November 16, 2011.

## BACKGROUND

Plaintiff alleges that the Social Security Administration applied an inaccurate onset date in calculating his disability benefits. Plaintiff includes notes from a physician that detail the cause of his injuries. Plaintiff was allegedly found unconscious on December 27, 2003 after falling 100 feet from a bridge.

Plaintiff filed a request for disability payments, and an Administrative Law Judge rendered a decision on March 8, 2010. Plaintiff requested a review of the ALJ's decision on March 16, 2011. Under Social Security rules, Plaintiff had only 60 days after the decision, or until May 10, 2010, to file his request. Plaintiff did not submit a statement showing the reasons why he filed the request outside the 60 day review period. The SSA requested that Plaintiff send an explanation of why he did not timely file the request along with supporting evidence. Plaintiff

did not comply with the SSA's request and did not provide a statement sufficient to constitute good cause.  Thus, the Appeals Council determined that no good cause existed to extend the time for filing, and dismissed Plaintiff's request for review as untimely.

Plaintiff brings his claim under Section 1983, alleging a violation of his civil rights.[1]  Plaintiff requests that his onset date of disability be changed from August 2005 to December 2003 and that the SSA reimburse payments for this time period.

## DISCUSSION

### I.     Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing Lee's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee.  As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

### II.    Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

---

[1] Plaintiff alleges no set of facts constituting a claim under Section 1983.  Rather, Plaintiff requests that his onset date be modified from the ALJ's decision.  The Court will construe Plaintiff's complaint as an appeal from the decision of the Social Security Administration.

2

incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### A.   Appeal from Decision of Social Security Administration

Pursuant to Title II of the Social Security Act, section 205(g):

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 405(g). The Security has established a regulatory system for administrative review, leading up to a final decision that may then be appealed to the district court. After an individual files a claim with the SSA for benefits, the grant or denial of the claim creates an initial determination. 20 C.F.R. §§ 416.1429-416.1405. The claimant must then file a request for and receive a reconsideration. *See* 20 C.F.R. §§ 416.1407-416.1422. The Secretary reviews the claim again, and then issues a reconsideration determination. 20 C.F.R. § 416.1420. After obtaining the initial and reconsidered determinations, a dissatisfied claimant may file for an evidentiary hearing before an ALJ. *See* 20 C.F.R. §§ 416.1429-416.1468. If aggrieved, a claim may appeal the ALJ's determination to the Appeals Council. *See* 20 C.F.R. §§ 416.1467-416.1483. The decision rendered at the ALJ stage is binding on the claimant unless further administrative review with the Appeals Council is sought within 60 days. *See Harper by Harper v. Bowen*, 813 F.2d 737, 739 (5th Cir. 1987).

As described above, Plaintiff filed a request for review of his ALJ decision outside the 60 day time limit. The Appeals Council may grant an extension of time to seek review if the claimant can show cause. 20 C.F.R. § 416.1468(b). Plaintiff failed to demonstrate good cause as requested by the Appeals Council and did not obtain an extension. The Appeals Council therefore dismissed Plaintiff's request for review. When the "Appeals Council dismisses the request for it to review for untimeliness, such 'dismissal . . . is binding and not subject to further

review.'" *Id*. (quoting 20 C.F.R. § 416.1472).

This Court has jurisdiction over appeals filed within 60 days of a final decision. 42 U.S.C. § 405(g). A denial of a request to reopen by the Appeals Council is not considered a final decision. *See Califano v. Sanders*, 430 U.S. 99, 107-08 (1977).

Plaintiff has failed to meet the requirements set forth by the SSA. Plaintiff did not exhaust his administrative remedies which would have allowed for judicial review. The Appeals Council's dismissal of Plaintiff's request for review as untimely was not a final decision as defined by the statute and thus not subject to review by this Court. Because he did not timely appeal within the SSA, the decision rendered by the ALJ is binding on Plaintiff. This Court does not have jurisdiction to hear Plaintiff's appeal and Plaintiff cannot cure this deficiency by amending his complaint. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#3) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1) **under seal** due to personal identifiers contained within the documents.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#1-1) be **dismissed with prejudice** because Plaintiff failed to invoke this Court's jurisdiction.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure

to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 31st day of January, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge